UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WINSTON JAMES THOMPSON, III,                                              APPELLANT
D/B/A THOMPSON &
ASSOCIATES

V.                                              CIVIL ACTION NO. 3:19-CV-179-DPJ-FKB

ANITA WHITE AND BANKPLUS                                                  APPELLEES

ORDER

Appellant Winston James Thompson, III, d/b/a Thompson & Associates, asks the Court to set aside its judgment of dismissal without prejudice in this appeal from bankruptcy court. Mot. [8]. For the following reasons, Thompson's motion is denied.

I.   Facts and Procedural History

In 2008, Appellee Anita White sued Thompson, an attorney licensed to practice law in the state of Mississippi, in state court. She then obtained a clerk's entry of default in 2009. The following year, Thompson filed a chapter 7 bankruptcy petition and failed to list White or her claim against him in his bankruptcy schedules. On October 1, 2010, the Bankruptcy Court granted Thompson a discharge of all his pre-petition debts and closed the case.

In 2012, White obtained a default judgment against Thompson in the state-court case, with a damages award to be determined later. That happened the following year, on November 25, 2013, when the state court entered a default judgment against Thompson for $1,540,242.12. Almost three years later, in October 2016, Thompson filed a motion in the state court to have the default judgment set aside; that motion was apparently denied, but the order is on appeal. *See* Reply [17] at 2.

In October 2018, Thompson filed the motion to reopen his closed bankruptcy case that ultimately gave rise to this appeal. White and Appellee BankPlus opposed Thompson's motion,

and on February 26, 2019, United States Bankruptcy Judge Neil P. Olack denied it. R. [2-1] at 154–62. Thompson, proceeding *pro se* at that time, filed a March 11, 2019 notice of appeal. That notice listed Thompson's mailing address as Post Office Box 23579, Jackson, Mississippi 39225. Notice of Appeal [1]. Thompson was not registered to receive electronic filings during the appeal.

By May 3, 2019, the record on appeal and a supplement thereto had been filed in this Court's docket. Pursuant to Federal Rule of Bankruptcy Procedure 8018(a)(1), Thompson's brief was due "within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Thompson missed that deadline, so on September 27, 2019, the Court entered a show-cause order, requiring Thompson to respond on or before October 4, 2019, explaining "why this appeal should not be dismissed for want of prosecution." Order [4]. Thompson did not respond, so on October 10, 2019, the Court dismissed the appeal without prejudice for failure to prosecute. Order [5].

The ECF receipts of record show that Thompson did not receive electronic notice of the transmission of the record on appeal [2], the show-cause order [4], or the judgment [6]; those documents were physically mailed to Thompson's address of record. But Thompson says he did not receive the mailed notices because, "due to a staffing change," Post Office Box 23579—one of many post-office boxes he maintains—"was not being checked for some time." Thompson Decl. [8-1] ¶ 6.

According to his declaration, Thompson first learned of activity in his *pro se* bankruptcy appeal on October 10, 2019, when notice of the dismissal was docketed in the underlying bankruptcy case. Thompson says his bankruptcy attorney for that part of the case received electronic notification and forwarded the judgment to him. Thompson then sought counsel, who, on November 15, 2019, filed Thompson's Motion for Relief from Order and Judgment under

Federal Rule of Civil Procedure 60(b)(1). Mot. [8]. White and BankPlus responded in opposition, and Thompson filed a reply.

II.     Analysis

Federal Rule of Civil Procedure 60(b)(1) permits a district court to "relieve a party from . . . a final judgment" because of "mistake, inadvertence, surprise, or excusable neglect." "The Supreme Court has explained that the determination of what sorts of neglect will be considered excusable is 'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). But "[a] party has a 'duty of diligence to inquire about the status of a case.'" *Id.* (quoting *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993)). As such, "[g]ross carelessness" is an "insufficient bas[i]s for Rule 60(b)(1) relief." *Id.* (quoting *Edward H. Bolin Co.*, 6 F.3d at 357). "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Id.* (quoting *Edward H. Bolin Co.*, 6 F.3d at 357).

This is a case of gross carelessness; Thompson has not shown *excusable* neglect. To begin, under Uniform Local Rule 11, Thompson was required to provide a valid address and had "a continuing obligation to notify the clerk of court of address changes." Yet he failed to ensure that someone was checking the mailbox he provided, showing a lack of diligence. The lack of diligence continued when Thompson failed to otherwise check the status of his case. Thompson appealed the Bankruptcy Court's order on March 11, 2019, and the record on appeal was filed April 22, 2019. That triggered Thompson's duty to file his brief. *See* Fed. R. Bankr. P.

8018(a)(1).  Yet Thompson *never* checked the status.  Seven months after he appealed, his attorney in the bankruptcy proceeding let him know the appeal was dismissed.

These facts are frankly worse than those in *Trevino*, where the Fifth Circuit held that "Rule 60(b)(1) relief is not merited."  944 F.3d at 571.  There, plaintiff's counsel failed to respond to a motion to dismiss because (1) the case had previously been stayed and was not on his radar; (2) counsel mistakenly failed to register for electronic filing; and (3) the firm's antivirus software diverted court emails to a spam folder.  *Id.*  The court noted that the motion to dismiss was filed several weeks after the stay was lifted and the district court waited "nearly a month" before granting it.  *Id.*  The court also noted that "[e]mails mistakenly going to a spam folder do not merit Rule 60(b) relief."  *Id.* at 572.

Here, the notices were sent exactly where Thompson asked the Court to send them, they were not unknowingly diverted as in *Trevino*.  *Id.*  And apparently no one checked that box for at least the six months that passed between the filing of the record on appeal and the dismissal, a period of inattention far longer than in *Trevino*.  *Id.* at 571.  Even then, the Court gave Thompson an opportunity to participate by entering a show-cause order.  It was Thompson's responsibility—as a licensed attorney proceeding *pro se*—to track his case and check his mail, whereas the plaintiff in *Trevino* suffered dismissal due to the attorney's gross carelessness.  *Id.*  Thompson has not shown excusable neglect.

Finally, the parties discuss the seven-factor test quoted in *Edward H. Bohlin Co.*, 6 F.3d at 356.  It is not apparent that the test applies when there is no excusable-neglect showing.  Tracing the test back to its origin leads to *United States v. Gould*, where the Fifth Circuit identified factors that are relevant when "the district court has the power to act, pursuant to the provisions of Rule 60(b)."  301 F.2d 353, 356 (5th Cir. 1962) (quoting 7 Moore's Federal

4

Practice at 223).  Rule 60(b)(1) is permissive and applies when the movant shows "excusable neglect."  That has not happened.

Even if the additional factors are considered, the Court would not alter its finding.  While the judgment was not on the merits, Thompson has not shown "the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense."  *Edward H. Bohlin Co.*, 6 F.3d at 356.  Thompson has not addressed any purported error in Judge Olack's denial of the motion to reopen.  Moreover, "judgments should not lightly be disturbed."  *Id.*  And while not every factor weighs against Thompson, there are "other factors relevant to the justice of the judgment under attack."  *Id.*  The shortcomings during this appeal follow others that began over ten years ago when Thompson failed to answer White's state-court complaint.  The Bankruptcy Court order Thompson appealed in this Court rejected his attempt to reopen a bankruptcy case that closed in 2010.  Thompson had hoped to reopen that case to obtain protection from the default White obtained in 2009, a default Thompson failed to disclose in the bankruptcy proceeding.  *See* R. [2-1] at 155–58.  This is an old dispute, and there is a need for finality.

III.     Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, Thompson's Motion for Relief from Order and Judgment [8] denied.

**SO ORDERED AND ADJUDGED** this the 1st day of April, 2020.

                                       s/ *Daniel P. Jordan III*
                                       CHIEF UNITED STATES DISTRICT JUDGE